# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

**JOYCE MCCLANE,**

        **Plaintiff,**

v.

**GENESEE COUNTY ROAD COMMISSION,**

        **Defendant.**

Case No. 2:18-cv-13774

Judge: Bernard A. Friedman
Magistrate: Stephanie Dawkins Davis

_____/

| | |
|---|---|
| Kathleen L. Bogas (P25164) | Thomas H. Derderian (P35106) |
| Brian E. Koncius (P69278) | Wendy S. Hardt (P45493) |
| BOGAS & KONCIUS, P.C. | MICHAEL R. KLUCK & ASSOC. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 31700 Telegraph Road, Ste. 160 | 4265 Okemos Road, Suite G |
| Bingham Farms, MI 48025 | Okemos, MI 48864 |
| (248) 502-5000 | (517) 349-7610 |

_____

## DEFENDANT'S REPLY BRIEF

In her response to Defendant's Motion for Summary Judgment, Plaintiff argues that her complaint should not be dismissed because she suffered an adverse employment action when she was placed on administrative leave with pay pending an investigation. She cites cases she believes support her position in that regard. However, the cases she has cited are clearly distinguishable and actually provide support for Defendant's position that the paid administrative leave did not constitute

an adverse employment action.

For instance, in Michael v Caterpillar Financial Services Corp, 496 F.3d 584 (6th Cir. 2007), the plaintiff complained that she was discriminated and retaliated against when she was placed on paid administrative leave pending an investigation, told to return her company-issued laptop computer during her leave, and then placed on a ninety (90) day improvement plan upon her return to work. For purposes of the discrimination claim, the Sixth Circuit stated:

> As set forth in Ford v GMC, 305 F.3d 545, 553 (6th Cir. 2002) [a] materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.
>
> Most of Caterpillar's alleged actions fall outside of this definition. The initial confrontation between Michael and Henry, in which harsh words were exchanged, does not amount to a materially adverse action. See *Trepka v. Bd. of Educ.*, 28 F. App'x 455, 461 (6th Cir. 2002) (holding that a "contentious oral confrontation" involving "stern words" did not amount to harassment, let alone to a materially adverse employment action). Nor did the requirement that Michael turn in her laptop computer or her brief placement on paid administrative leave constitute materially adverse actions. See, *e.g., Adair v. Charter County of Wayne*, 452 F.3d 482, 490 (6th Cir. 2006) (requiring police officers to

> turn in their pagers is not an adverse employment action), *cert. denied*, 127 S. Ct. 1828, 167 L.Ed. 2d 319 (2007); *Peltier v. United States*, 388 F.3d 984, 988 (6th Cir. 2004) (holding that an employee's placement on paid administrative leave pending the outcome of an investigation is not an adverse employment action).

Caterpillar, 496 F.3d at 594. In terms of the retaliation claim, the Sixth Circuit found that there was an adverse employment action, but mainly because of the ninety (90) day performance plan, a fact which is clearly distinguishable from the present case. Even so, the Sixth Circuit affirmed summary judgment on behalf of the employer because it had shown legitimate, nonretaliatory reasons for its actions, which the plaintiff was unable to show were pretextual.

Similarly, in Spellman v Ohio DOT, 244 F.Supp. 3d 686 (S.D. Ohio 2017), the plaintiff claimed discrimination and retaliation when she was placed on administrative leave with pay on two (2) occasions, was sent for random drug and alcohol testing, and was ordered to undergo an independent medical evaluation. The Court concluded that these allegations did not rise to the level of an adverse employment action for purposes of the plaintiff's discrimination claim, noting "Sixth Circuit case law suggests that temporary removal or forced administrative leave with pay are not, in and of themselves, materially adverse employment actions," citing Jackson v City of Columbus, 194 F.3d 737 (6th Cir. 1999) (police chief's suspension

with pay was not adverse employment action); Bowman v Shawnee State Univ., 220 F.3d 456, 462 (6th Cir. 2000) (temporary removal without reduction in salary did not amount to tangible employment action); Peltier v United States, 388 F.3d 984 (6th Cir. 2004) (holding that an employee's placement on paid administrative leave pending the outcome of an investigation is not an adverse employment action). Spellman, 244 F.Supp 3d at 702. However, the Court concluded that the paid administrative leaves, coupled with the forced IME, were minimally sufficient to constitute an adverse employment action for purposes of the plaintiff's retaliation claim. However, the Court nonetheless dismissed the case, concluding that the plaintiff had failed to show that the proffered reason for placing her on a second administrative leave and IME was pretext for retaliation.

In Joseph v Leavitt, 465 F.3d 87 (2d Cir. 2006), a case also cited by Plaintiff, the Second Circuit noted that "something more" than an administrative leave with pay was required to constitute an adverse employment action. The Leavitt Court stated:

> Four of our sister circuits have considered whether placement on administrative leave, with pay, during an investigation constitutes an adverse employment action. Each court held that it did not. See Singletary v Mo. Dep't. of Corr., 423 F.3d 886, 889, 892 (8th Cir. 2005) (eighty-nine day suspension pending investigation); Peltier v United States, 388 F.3d 984, 986, 988 (6th Cir. 2004 (administrative leave pending internal investigation and grand jury proceedings); VonGunten v Maryland, 243 F.3d

4

> 858, 869 (4th Cir. 2001) (short administrative leave pending investigation of complaint); Breaux v City of Garland, 205 F.3d 150, 154-55, 158 (5th Cir. 2000) (administrative leave pending Internal Affairs investigations) . . . We conclude that the reasoning of our sister circuits is persuasive and now join them by holding that administrative leave with pay during the pendency of an investigation does not, without more, constitute an adverse employment action.

Leavitt, 465 F.3d at 90-91 (emphasis supplied). Consequently, the Court affirmed dismissal of the case.

Here, the "something more" which was present in the Caterpillar and Spellman cases, but absent in the Leavitt case, is also lacking in this case. Plaintiff was merely placed on administrative leave with pay pending an investigation. Following the conclusion of the investigation, Plaintiff was promptly reinstated to employment without any accompanying adverse employment action. This is insufficient to establish a prima facie case of either discrimination or retaliation.

This is especially true considering there was nothing punitive about the placement on administrative leave with pay whatsoever. John Daly testified that two (2) other employees, John Bennett and Rockey Chatman, had also been placed on administrative leave with pay pending investigations. (Daly Dep. at 63-66; attached as Exhibit 1). In each of these instances, he testified he did so to preserve the integrity of the investigation. (Id). He indicated that this was the same reason he did

so with Ms. McClane, particularly since her complaints involved numerous members of the senior staff of the Road Commission. (Daly Dep. at pp. 59-61). Plaintiff has not shown how being placed on administrative leave with pay caused her any harm.

In her Response to Defendant's Motion for Summary Judgment, Plaintiff characterizes the work environment as "infused with discrimination." The reality is that, when questioned at her deposition about how she was discriminated against throughout her employment, Plaintiff's responses were extremely vague. Plaintiff's complaints of discrimination and retaliation were fully investigated by neutral third parties and found to be completely baseless. At the conclusion of the last investigation, Plaintiff was welcome to return to Defendant Road Commission, and her job was waiting for her. Plaintiff ultimately decided she did not want to return.

Plaintiff's claims of discrimination and retaliation are completely without merit. Plaintiff's Complaint should be dismissed with prejudice in its entirety.

Respectfully submitted,

MICHAEL R. KLUCK & ASSOCIATES

Dated: January 3, 2020  By:  s/ Thomas Derderian
Thomas H. Derderian (P35106)
Attorneys for Defendants
4265 Okemos Road, Suite G
Okemos, MI 48864
(517) 349-7610
derderiant@klucklaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of January, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Kathleen L. Bogas and Brian E. Koncius (attorneys for Plaintiff), and I hereby certify that I have mailed by United States Postal Service the Paper(s) to the following non-ECF participants: None.

/s/ Thomas H. Derderian
Michael R. Kluck & Associates
4265 Okemos Road, Suite G
Okemos, MI 48864